**COMBS et al. v. COMBS.**

Court of Appeals of Kentucky.

June 8, 1951.

Don A. Ward, Hazard, for appellants.
W. W. Reeves, Hazard, for appellee.

STANLEY, Commissioner.

The suit by Alex Combs and his wife, Mathilda, against A. Bige Combs is to quiet title to a part of a lot in the town of Combs, Perry County, lying between a railroad right-of-way and the North Fork of Kentucky River. The controversy is over the location of a common boundary line. The area involved is small, but the parties seem to regard it as valuable.

The parties trace title to a common grantor, Wilson Fugate, whose 70 acres were divided among his widow and six children in 1914. Various conveyances have to some extent obliterated the original lines between the allotted parcels. A special Judge, the Honorable J. J. Tye, upon evidence heard to dissolve a restraining order, found the common boundary line to be as claimed by the defendant and the regular judge of the Perry Circuit Court, the Honorable Sam M. Ward, reached the same conclusion upon the final hearing. His judgment recites that he had made a personal inspection of the premises. We realize that an inspection was helpful, if not necessary, to understand the record.

The dispute is over the proper location of the closing line in the appellants' deed and chain of previous conveyances. That seems to depend upon the location of a beginning stone. The appellants largely rest their case upon the identification of a certain large stone and the stump of an elm tree. The appellee contends that the big rock so claimed is in a railroad fill, 25 feet from the property line, and could not be and is not the beginning stone mentioned in the descriptions. The evidence introduced by the respective parties, including surveyors, is in irreconcilable conflict as to the true location of the line according to the record descriptions.

There is one prominent and almost uncontradicted fact that we think is controlling. The appellants' immediate grantor was Mrs. May Maggard Cornett, who acquired title in 1934 from her father, Virgil

A. Maggard, who had acquired title in 1918. It appears Mrs. Cornett had lived on the lot, of which this is a part, since about 1927. Both testify that the division line now in controversy was well defined at the time they owned the property, having once been marked by a fence, and later, by Mrs. Cornett setting out some pecan and walnut trees at the fence line. This is the line contended for by the appellee, Bige Combs, and denied by the appellants, successor in title to the Maggards. However, both plaintiffs testified that Mrs. Cornett pointed out the lines to them when they purchased the property from her and when they asked if the trees were on the line, she had said they were not, but a stone out by the railroad was the beginning point. She had also said that Bige was over the line a little bit, but there wouldn't be any trouble. She denied making such statement. The evidence of the defendant, Bige Combs, is to the same effect; namely, that this line of trees has always been recognized as the division line until the appellants raised the present dispute. It is likewise proved that the defendant had cultivated the land right up to this line throughout more than fifteen years and otherwise manifested adverse possession.

In Amburgy v. Burt & Brabb Lumber Co., 121 Ky. 580, 89 S.W. 680, 28 Ky.L.R. 551, the court laid down certain rules concerning boundary line agreements. They are more definitely stated in Howard v. Howard, 271 Ky. 773, 113 S.W.2d 434. It has, therefore, become well settled that where parties for fifteen years or more have recognized a certain line as the true, common boundary of their property, the record line becomes unimportant, and the courts will recognize that as the true location. Lewallen v. Mays, 265 Ky. 1, 95 S.W.2d 1125. There is all the more reason for applying that rule in the present or any other case where the location of the paper line is in irreconcilable conflict. We, therefore, accept as proven the line described by the row of trees, which is that adjudged.

The judgment is affirmed.