253 S.W.2d 972 (1952)
FAULKNER et al.
v.
LLOYD et al.
Court of Appeals of Kentucky.
December 19, 1952.
Petition for Rehearing and Modification of Opinion Denied January 30, 1953.
*973 Hiram H. Owens, Barbourville, for appellant.
R. Lee Brown, Williamsburg, for appellee.
DUNCAN, Justice.
This appeal involves a disputed boundary line between the improved lots of appellants and appellees located in the city of Corbin.
Appellants owned lots one and two and appellees were the owners of lots three and four in Block G of the Pershing Addition to the city of Corbin. Appellants' lots are located at the intersection of Elm and Central Streets and are bounded by appellees' lots on the east. The deeds to the respective properties do not indicate the width or depth of the several lots but merely refer by lot numbers to a map or plat of the subdivision which is duly recorded. Most of the lots in the subdivision have a frontage of twenty-five feet on Central Avenue, and it was originally assumed by the parties that appellants and appellees each owned two twenty-five foot lots. The error of this assumption was discovered when appellees were attempting to get a loan on their property and an abstract of title was procured for that purpose. The attorney preparing the abstract found from an examination of the plat that appellants' two lots actually had a width of thirty and twenty-five feet, respectively, a width five feet greater than appellees' lots, and that appellees' garage had been constructed some four or four and one-half feet on appellants' side of the line.
Appellants by their petition in equity sought an order requiring the appellees to remove the improvements to the extent of the encroachment. Appellees' answer and counterclaim relied upon an estoppel and charged that prior to the construction of the garage the appellant, James Faulkner, informed the appellee, Donald Lloyd, that appellants' lots had only a width of fifty feet and that the parties had measured that distance and established a division line between their respective lots. It was further charged that in reliance on that location the appellees had constructed their garage at its present site. Appellees' reply was a denial. After proof, the Chancellor dismissed appellants' petition.
Aside from the element of estoppel, the facts are undisputed. It is conceded that lots one and two have a combined width of fifty-five feet as shown by the plat and that a portion of the garage is located on lot two. All of the other lots within the block, including appellees' lots, have a width of twenty-five feet each. The extra five feet have been appropriated within the boundary of one or more of the lots located east of those in question, and although appellees have encroached on the lots of appellants, there has been a like encroachment on appellees by the lots located immediately on the east.
On the question of estoppel, the facts are disputed. Appellants deny that the line was pointed out to appellees as contended by them, but it is admitted that appellants made no complaint about the location of the garage at the time it was being constructed. It is further admitted that appellants remained silent for some four years after completion of the garage and made no complaint concerning its location until *974 the true extent of the boundaries had been ascertained by the attorney preparing the abstract.
On the question of fact as to whether appellants affirmatively represented to appellees that the width of their lots was fifty feet, as contended by appellees, or merely acquiesced in the construction of the garage without knowing where the line was actually located, as contended by appellants, we would be required to adopt the finding of the Chancellor. However, under the view of the case which we have taken, it is immaterial which version we accept.
In the location of disputed boundaries, the doctrines of estoppel, agreed boundaries, and adverse possession have sometimes been confused. Oral agreements establishing boundary lines are enforceable only in the event the true dividing line between two tracts is in doubt, and there is a dispute between the adjoining owners as to the exact location of the line, which depends on variable circumstances not susceptible of certain determination. If these elements are present, the agreement is not considered an exchange of land and is not within the statute of frauds. In such a case, it is immaterial whether there has been any possession to the agreed line. Howard v. Howard, 271 Ky. 773, 113 S.W. 2d 434.
On the other hand, an oral agreement, not possessing the necessary elements to bring it within the agreed boundary doctrine, is void as violative of the statute of frauds and is not enforceable. However, where the parties to an agreement fixing the boundary line each take possession to the agreed line and exercise possession for the statutory period, the agreed line becomes fixed although the agreement may be in violation of the statute. Combs v. Combs, Ky., 240 S.W.2d 558. In the last instance, the fixing of the line at the point agreed upon or acquiesced in by the parties is not an enforcement of the agreement but is upon the theory that adverse possession precludes either party from claiming beyond the agreed line. It is obvious that under the facts of the present case the line claimed by appellees has not become fixed under either the doctrine of agreed boundaries or adverse possession.
In the absence of a valid boundary agreement or adverse possession, a line may nevertheless become fixed by the operation of an estoppel. A landowner who knows the true line and silently permits an adjoining owner to make substantial improvements unknowingly past the line is estopped to claim to the true boundary. The same is true if a landowner by conduct or assertions as to the boundary line is instrumental in having the improvements made past the true line. Martin v. Hampton Grocery Company, 256 Ky. 401, 76 S.W.2d 32.
This action is pending in equity, and the court under its broad powers is not bound by inflexible rules in balancing the rights of the parties. Particularly is this true when an equitable principle such as estoppel is invoked. Even though appellants may have by their silence or assertions permitted or induced the construction of appellees' garage beyond the correct line, the appellants were admittedly as ignorant as the appellees of its true location. Each had the same opportunities to ascertain the correct location of the line. We think under the circumstances the court should have ascertained by proof the reasonable value of the strip of land taken and required its conveyance to appellees upon their payment of the sum fixed. After the value is ascertained, the appellees should be given the choice of paying the reasonable value and requiring a conveyance or of removing the improvements. In making this disposition of the case, we are not doing violence to any rules of substantive or procedural law. In 11 C.J.S., Boundaries, § 75, p. 649, it is said:
"* * * but it has been held that, where the improvements are made due to a mutual mistake as to boundaries, equity will require conveyance of the disputed strip for its reasonable value."
Appellants insist that the stipulation in the lower court as to the title of the parties to the lots which they claimed, and limiting the issue as to the location of the *975 dividing line between the respective parties had the effect of removing the question of estoppel from the case. We do not agree with this contention. We think the only purpose or effect of the stipulation was to eliminate the necessity of proof of title by either party. The stipulation narrowed the issues to one of location of the boundary line but did not restrict the court in fixing the line in any one of the several methods by which a boundary line may be located.
The judgment is reversed for proceedings consistent with this opinion.