## Kentucky & West Virginia Power Co. v. Vanhoose.

Oct. 5, 1943.

340

Earl Cooper for appellant.

Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Dismissing appeal.

B. B. and James Vanhoose instituted suit for damages occasioned to two small tracts of land asserted to be owned by them and in their possession, by the building of a short power line across the land without having compensated them. They did not seek to oust the company; to recover the land, or have it remove its poles, apparently recognizing that their recourse was by way of recovery of damages. Himler Coal Co. v. Kirk, 205 Ky. 666, 266 S. W. 355; Louisville, St. L. & T. Ry. Co. v. Stephens, 96 Ky. 401, 29 S. W. 14, 49 Am. St. Rep. 303; Buck Creek R. Co. v. Haws, 253 Ky. 203, 69 S. W. (2d) 333.

Appellees sought $190 for the trespass, and on the ground that the trespass was willful, $500 punitive damages. Upon submission the jury awarded B. B. Vanhoose $49, and the lower court granted appeal. At the outset we are met with appellee's motion to dismiss, because this court is without jurisdiction to entertain appeal from a money judgment where the amount involved is less than $200. KRS 21.060; Phelps et al. v. Johnson, 182 Ky. 755, 207 S. W. 453; United Carbon Co. v. Webb, 276 Ky. 633, 124 S. W. (2d) 103.

Appellant relies on KRS 21.080, insisting that while there was no question raised as to title of appellee's land, the issue involved the title to an easement, and hence appeal lies as a matter of right. The statute supra does provide that appeals may be taken as a matter of right "from * * * judgments of circuit courts in cases directly involving the title to land, the right to an easement therein * * *." Appellee in answer plead by way of estoppel against the right of appellees to recover all they sought, a money judgment, that B. B. Vanhoose had theretofore executed a deed of easement across his two tracts of land. It did not plead that it be adjudged the owner of the easement, but merely that plaintiffs recover nothing and their petition be dismissed.

As we view the record, all that was involved was the question submitted by the court whether or not the ap-

pellant had entered the land and taken possession, or caused damage, without the consent of the owners. Under many of our rulings in cases involving the taking of land for public purposes (Constitution sec. 242), which privilege is conferred upon power companies by KRS 416.010, 416.030, 416.080, appellee's right to the easement is settled, the only question after entry without first making payment being the value of the land taken, and the damage caused to the residue by reason of the taking. As we read the briefs appellant does not contend that it had title to the "upper tract" (apparently the only one involved) other than by its construction of certain easement deeds.

The court below properly treated the action as one for such damages as resulted for the taking or injuring property for a public purpose, without first making just compensation. We have frequently and very recently held that the rights of parties are to be measured by the same principles as those governing condemnation proceedings. Kentucky Game and Fish Comm. v. Burnett, 290 Ky. 786, 789, 163 S. W. (2d) 50, and cited cases. Where land is taken for its use by a corporation having the power to condemn, without having made just compensations, the owner is not precluded from maintaining an action for damages, though the suit is to be treated as an appeal from a condemnation judgment of the county court. Chicago, St. L. & N. O. R. v. Ware, 220 Ky. 778, 779, 295 S. W. 1000.

Here the company has constructed and operated its power line for several years. It cannot be compelled to remove it. Himler Coal Co. v. Kirk, supra. Upon satisfaction of the judgment rendered by the court it may continue to operate without molestation by the owners. Kentucky Game and Fish Comm. v. Burnett, supra. "Inasmuch as the suit was to recover for the taking of the land and injury to the farm, the judgment in this case, in effect, leaves the road [power line here] in the lawful possession of the right of way, and no formal conveyance is necessary." Richmond, N., I. & B. R. Co. v. Thomas et al., Ky. 43 S. W. 466, 467. Since we conclude that the title or right to easement was not involved, and the money judgment was for only $49, we are without jurisdiction to go into the merits.

Appeal dismissed.