Claude YOUNG et al., Appellants,

v.

TENNESSEE GAS AND TRANSMISSION COMPANY, Appellee.

Court of Appeals of Kentucky.

April 26, 1963.

Clay & Edwards, Mt. Sterling, for appellants.

Lewis A. White, Mt. Sterling, Roger A. Bryon, Owingsville, R. Vincent Goodlett, Hazelrigg & Cox, Frankfort, for appellee.

CULLEN, Commissioner.

The appeal is by landowners from a judgment which determined and awarded to them compensation for the condemnation of a pipeline easement across their lands, and which rejected their application for a mandatory injunction requiring removal of the pipe line from their lands.

The principal difficulties in the case arise from the fact that when the appellee, Tennessee Gas and Transmission Company, commenced its condemnation proceedings, it had failed to discover that Mrs. Carrie Myers was an owner of part of the land over which the pipe line was to run, and therefore did not include her as a party.

Claude Young and wife owned two parcels of farm land, separated by a triangular-shaped parcel owned by Mrs. Young and her mother, Mrs. Myers. (An adjoining parcel owned solely by Mrs. Myers also is involved, but it will be discussed separately at a later point in this opinion.) The pipe line was to run across the southern Young parcel, then on across the triangular parcel and the northern Young parcel.

Believing that Young and wife owned all three parcels, the gas company named them only as parties in the county court. The commissioners made an award of $20,-270. Young and wife questioned the right of the company to condemn, and the county court entered judgment holding that the company did not have the right to condemn (on the ground that the company had not undertaken to negotiate with the Youngs). The company appealed to the circuit court, and after a hearing the circuit court ruled that the company did have the right to condemn, and entered an order authorizing the company to take possession upon paying to the Youngs or to the clerk of the court the amount awarded by the commissioners. (The Youngs refused to accept the money and it was deposited with the clerk.) The company and the Youngs then each filed exceptions to the commissioners' award.

The company then began construction of the pipe line across the southern Young parcel. When the workers were about to enter upon the triangular parcel the Youngs, claiming to act as agents of Mrs. Myers, stopped the workers and asserted for the first time Mrs. Myers' ownership in the triangular parcel. Three days elapsed during which the company attempted to work out a settlement with Mrs. Myers. Then, on June 18, 1959, the company obtained from the circuit court, on an ex parte motion, a restraining order against the Youngs and Mrs. Myers, prohibiting them from interfering with the construction of the pipe line. On the same day the company ob-

tained an order making Mrs. Myers a party to the condemnation suit and caused a summons to be issued against her (which was served the following day). That night the company moved its equipment onto the triangular parcel and proceeded thereafter to complete construction of the pipe line across that parcel and the rest of the Young land. A motion by the Youngs and Mrs. Myers to dissolve the restraining order was overruled and the order was transformed into a temporary injunction (which later was upheld on proceedings in this Court).

Thereafter Mrs. Myers filed a counterclaim in the condemnation suit seeking a mandatory injunction requiring the company to remove its pipe line from her land, and also filed exceptions to the commissioners' award.

In May 1960 the circuit court entered a summary judgment dismissing Mrs. Myers' counterclaim. This judgment recited that the amount of the commissioners' award theretofore paid to the clerk of the court was being held for all of the landowners, including Mrs. Myers, and further recited that the original order of possession authorizing the company to take possession of the easement, "including the portion of same owned by * * * Carrie Myers," was affirmed.

Later the case was tried before a jury in the circuit court on the exceptions to the commissioners' award, resulting in a verdict and judgment awarding $4,000 damages to the two Young parcels and $410 damages to the Mrs. Young-Mrs. Myers parcel. The Youngs and Mrs. Myers accepted payment of these amounts and then took the present appeal. (The appeal is from the summary judgment also, because it was not made final under CR 54.02 when it was entered.)

■ The first contention of the appellants is that the summary judgment was erroneous; that Mrs. Myers was entitled to a mandatory injunction requiring removal of the pipe line from her land be-cause an easement across her land never was validly condemned; and that an easement cannot be condemned by an ex parte restraining order.

It is true that at the time the company entered upon Mrs. Myers' land it had no right to do so, because she had not then been made a party to the condemnation proceeding. But the very next day summons was served on her and she did become a party. Perhaps according to pure technicalities the company should have been required to commence the proceedings anew in the county court and should not have been permitted to take possession of Mrs. Myers' land until in such new proceedings an order of possession had been entered. However, she suffered no real prejudice from being brought into the suit for the first time at the circuit court level. The only thing she could have litigated in the county court was the right of the company to condemn, which could be relitigated in the circuit court. She could not have raised in the county court any question as to the amount of compensation. Since the commissioners in the county court returned an award for what they thought the damages were to the land affected by the easement, without regard to divided ownership, the amount paid into court by the company pursuant to the award was adequate to protect her interest in the land.

It seems to us that the only wrong inflicted upon Mrs. Myers was a temporary trespass by the company between the time the company entered upon her land and the time she was made a party in the circuit court. She did not elect to seek damages for the temporary trespass, but instead sought to oust the company from her land. But at the time she sought the ouster she was a party to the condemnation suit, money was in the hands of the clerk to protect her interests, and all of the processes of the circuit court were available to her to secure fair compensation for the permanent taking of her property. In our opinion there was a substantial compliance with the condemnation statutes as to Mrs. Myers,

so the argument that her land was taken by a restraining order and not by condemnation has no merit.

The cases relied upon by Mrs. Myers are not controlling because they all involved situations where land was taken without any attempt to condemn. In the instant case the company was at all times attempting in good faith to effect a valid condemnation, and only by inadvertence failed to make Mrs. Myers a party in the county court.

■ Since Mrs. Myers was seeking equitable relief from the court, in the form of an injunction, certainly the court was entitled to consider the equities of the situation. All of the equities here are on the side of the company. So even if it were to be considered that there was a taking of Mrs. Myers' property by the company without a strictly valid condemnation, equity would not require the company to remove its pipe line. See Bartman v. Shobe, Ky., 353 S.W.2d 550; Faulkner v. Lloyd, Ky., 253 S.W.2d 972.

■■ The second contention of the appellants is that they were entitled to recover, as damages for improper construction of the pipe line, the cost of restoring the soil over the line to its former condition, in addition to standard condemnation damages. The trial court permitted evidence to be offered as to the condition of the soil and the cost of restoring it to its claimed former condition, but instructed the jury that the *measure* of total damages was the difference in before and after values of the entire tract. The appellants argue that the *measure* of damages for a permanent negligent injury to land is the cost of restoration. The cases relied upon by the appellants either involved a *temporary* injury or stated a rule which is no longer followed in this jurisdiction. The established present measure of damages for a permanent injury to real estate is the difference in market value. Chapman v. Beaver Dam Coal Co., Ky., 327 S.W.2d

397; Blue Diamond Coal Co. v. Press Eversole, Ky., 253 S.W.2d 580; B. & B. Oil Co. v. Townsend, 301 Ky. 667, 192 S.W.2d 953; City of Jackson v. Haddix, 280 Ky. 436, 133 S.W.2d 547.

Actually, what the appellants seem to want in this case is damages for the difference in market value of their land, *plus* the cost of restoring the soil to its former condition. The jury was permitted to consider evidence concerning the claimed injury to the soil, and the cost of restoring it, as bearing on the diminution in value, and certainly that is all the appellants were entitled to.

■ The third contention of the appellants relates to a parcel of land owned by Mrs. Myers individually, which adjoined the southern Young parcel and the triangular Mrs. Young-Mrs. Myers parcel. A short access road along the line between the latter parcels connected Mrs. Myers' separate parcel with a county road. Mrs. Myers claimed to own the access road in fee simple. The pipe line crossed the access road but did not touch Mrs. Myers' separate parcel. It is contended that the trial court erroneously refused to permit any recovery for damages to the separate parcel or to the access road, with the result that there was no valid condemnation as to them.

As concerns the separate parcel, the argument is that it was being operated, along with the two Young parcels and the triangular parcel, as a single farm unit, and therefore should have been considered, for the purpose of resulting damages, as part of the land crossed by the pipe line. However, statements by the appellants on the trial refute this claim. Furthermore, the claim of damages to this parcel was asserted only in an amended answer tendered on the second day of the trial, which the court would not permit to be filed, and we think the court did not abuse its discretion in not allowing the amendment to be made at such late date. Also, the topography of the separate parcel and its position in relation to the other parcels are such that

it could not have sustained any damage by reason of the pipe line's crossing the other parcels.

As concerns the access road, the contention is that the jury should have been authorized and directed to find separate damages to it. We think this is mere quibbling. The jury knew what land the easement crossed because the jury viewed the premises. Mrs. Myers was a party and everyone understood that compensation was to be awarded to the parties for all land owned by them that was crossed by the easement. Whether the access road was separately owned by Mrs. Myers, as she now claims, or was a part of the triangular tract owned by her and her daughter, as was assumed on the trial, is a question that could only affect the division of the award between the two women, and not the total amount of the award, and since the amount of damage attributable to the crossing of the access road alone could not be substantial we think no real prejudice could have resulted from the failure to separately determine on the trial the damages to the access road.

The appellants make numerous other contentions which we shall dispose of summarily.

■ The petition sufficiently described the land sought to be condemned by setting forth with particularity the bounds of the easement, without describing the complete boundaries of each tract of land that the easement would cross.

No prejudice resulted from the one-day delay in hearing the appellants' motion to dissolve the restraining order.

No prejudice resulted from the court's allowing appellants' counsel only 10 days, instead of the requested 30 days, in which to file brief in opposition to the motion for a summary judgment.

■ The trial court did not abuse its discretion in denying appellants' motion for a continuance, on the ground of surprise, after the court had refused to permit the filing of the amended answer that was tendered on the second day of the trial.

■ The suit did not involve any "conflicting claims" within the meaning of KRS 416.300.

■ The appellants were not entitled to dismiss their counterclaim as a matter of right after a motion for summary judgment had been filed. CR 41.01, 41.03.

■ The condemnor is not required to advance the condemnees' costs on an appeal to this Court. Music v. Big Sandy and Kentucky River Railroad Company, 163 Ky. 628, 174 S.W. 44.

The instructions were not erroneous.

The offered testimony concerning fear of explosion did not meet the requirements laid down in Gulledge v. Texas Gas Transmission Company, Ky., 256 S.W.2d 349.

The judgment is affirmed.