Beverly Ann PEARCE, Suing by Her Father and Next Friend, Edward F. Pearce, Appellant,

v.

Leona RAWLINGS, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1963.

Richard M. Trautwein, Louisville, for appellant.

J. Walter Clements, Louisville, for appellee.

CULLEN, Commissioner.

Beverly Ann Pearce, an 11-year-old child, brought action by her father as next friend against Leona Rawlings to recover damages for personal injuries sustained by Beverly when struck by Mrs. Rawlings' automobile. The jury found for the defendant and judgment was entered accordingly. On this appeal by the plaintiff the principal contention is that the trial court erred in refusing to instruct on the duty of Mrs. Rawlings to sound her horn.

Mrs. Rawlings was operating her automobile in a southerly direction on Preston Highway, which has three south-bound lanes and three north-bound lanes with a three or four-foot-wide traffic divider or island in the center. Mrs. Rawlings had been traveling in the middle south-bound lane but the traffic in that lane became congested and at a distance of some 50 to 100 feet from the point of the accident she turned into the lane next to the center

island. Beverly was crossing the highway from west to east. The evidence for the plaintiff was that Beverly had reached the island and was standing on it when struck by the Rawlings car. The evidence for the defendant was that Beverly ran across the street between cars in the curb lane and middle lane and into the lane occupied by the Rawlings car, and had not reached the island when she was struck.

The contentions of the appellant are (1) that even though Beverly was crossing the highway at a place where she was required to yield the right of way to vehicles, Mrs. Rawlings had the duty under KRS 189.570 (4) (d) to sound her horn upon observing Beverly; and (2) that under KRS 189.080 (1) Mrs. Rawlings had the duty to sound her horn as a warning of her approach to a pedestrian.

█ It is our opinion that regardless of which version of how the accident happened were to be accepted by the jury, an instruction on sounding the horn was not required. If, as claimed by the defendant, Beverly was running across the street toward the center island, a sounding of the horn would have served no purpose because Beverly already was exerting every effort to reach a place of safety, and had committed herself beyond recall. See Gish v. Scott, Ky., 345 S.W.2d 490. If, on the other hand, as claimed by the plaintiff, Beverly already had reached the safety of the island, the accident was not due to any failure to give warning but to Mrs. Rawlings' negligence in driving upon or too close to the island.

█ The evidence did not warrant anything in the nature of a last clear chance instruction.

The instructions given by the court adequately covered Mrs. Rawlings' general duties of lookout, control, and exercise of care towards pedestrians.

█ The appellant makes a contention that the trial court erred in refusing to admit evidence as to Beverly's knowledge of a custom of pedestrians to cross the highway at the place in question. However, the only offer of evidence consisted of a question asked Beverly's father whether he had seen people cross the highway at this place. Upon an objection being sustained no avowal was made as to what the evidence would be. Therefore the error, if any, in rejecting the evidence is not reviewable. East Kentucky Rural Electric Cooperative Corp. v. Smith, Ky., 310 S.W.2d 535.

The judgment is affirmed.