COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Arlin COLLINS and Carml Collins, Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Bradford T. Garrison, Watts & Garrison, Nicholasville, Wm. O. Gilbreath, Lexington, for appellant.

Delbert Eagle, Eagle & Cox, Lancaster, for appellees.

MILLIKEN, Judge.

This is an appeal of a judgment in a highway condemnation proceeding.

Appellees, Arlin and Carmi Collins, husband and wife, own approximately three acres of land fronting on Lexington Street (U. S. 27) inside the northern city limits of Lancaster, Garrard County. A strip

of land averaging 13.8 feet in depth and extending 322 feet across the front of their property was condemned for the purpose of obtaining a right of way for the widening and reconstruction of a portion of U. S. 27. In addition, a permanent easement was taken over an approximately 40 x 70 foot strip for a drainage ditch across a portion of the front of the property and adjacent to Lexington Street. The grade of the new roadway was elevated above the old level from one to four and one-half feet. Judgment was entered on a verdict for $6,000 for the taking, which the Commonwealth contends is excessive.

The improvements on appellees' lot include a two-story frame residence, a 24 x 24 foot barn and chicken house, all of which are located on the back of the lot, this portion being zoned residential. A strip approximately 100 x 125 feet deep across the front of the lot is zoned commercial. Near Lexington Street, within the commercial area, is a small frame building 18½ x 21 feet, built in 1940, which was once used as a service station until such use was abandoned approximately four years before the initiation of this condemnation proceeding. None of the improvements was taken.

The last lessee of the gas station made no use of it during the term of its lease because there was no adequate drain to remove the surface water on the lot. The gasoline pumps had been removed at least four years prior to the taking. After the construction, the small frame building is eight to ten feet from the right of way and about 27 feet from the pavement. The grade of the road in front of it was raised approximately one to one and one-half feet. After the construction, the residence is approximately 105 feet from the right of way and 125 feet from the roadway. There was a slight drainage problem in front of the residence prior to construction because the roadway was approximately a foot above the yard. This condition was aggravated by an additional one-foot increase in elevation by the construction of the new highway, but an adequate drain was provided for the

relief of the area. There was a more serious drainage problem near the old gas station. The Department of Highways, however, installed a larger culvert to take care of the surface water and obtained a permanent easement for the purpose of maintenance of a drainage ditch and the culvert.

■ The appraisals of the property showed a difference in before and after taking values ranging from $10,000 to $15,500 as given by witnesses for appellees, and $2,500 to $2,800 as given by witnesses for appellant, so the $6,000 verdict is within the range of the appraisal evidence. Although it was made clear that the leased 18½ x 21 foot frame building had been abandoned as a gas station four years prior to the taking and had produced no rental income for two years prior to the taking, it was improper even after this preface to admit evidence that the station had been rented to one lessee for $90 a month and later to another lessee for $75 a month. Moreover, here the gross rentals that were once received had no relation to the productivity of the property immediately prior to the taking. There was no evidence indicating that any oil companies were interested in the old station, and from the testimony of witnesses it appears that the frame building was more of a liability than an asset because any new lessee of the property probably would have to remove it. In view of the excessiveness of the verdict, as hereinafter discussed, the admission of this rental evidence was prejudicial in all probability. As before mentioned, the frame building had no value to speak of as a service station, was not being used as such, and to indicate that it had lost service room also was improper. But see Commonwealth, Department of Highways v. Whipple, Ky., 392 S.W.2d 81, at page 82 (1965), where evidence of rents was used for rent capitalization purposes to establish value.

■ A comparison of the percentage of property taken with the total value of the property was approved in Commonwealth,

Department of Highways v. King, Ky., 400 S.W.2d 517. Here, along with some consequential damage, appellees have lost a strip of approximately 13.8 feet in depth across the 322-foot front of their property. This represents about ⅓₁ of the entire lot. Taking the highest before value given to the property by appellees' witnesses ($43,-000) and multiplying that by ⅓₁, the 13.8-foot strip would be worth $1,390. Although there is testimony that the taking of the permanent easement by the Highway Department for drainage purposes would not hinder commercial development, by including that area in with the 13.8-foot strip taken the total would amount to about ⅓₈ of appellees' property. Taking ⅓₈ of $43,-000, then the value of this new area would be $2,388. Appellees have suffered some damage because of the reduction in the depth of the commercially zoned area, but that factor coupled with the actual property taken and the permanent easement did not totally destroy the commercial value of appellees' property which some of the witnesses asserted. Appellees had approximately a 110-foot in depth strip across the front of their property zoned commercial before the construction, which was reduced 13.8 feet in depth by the construction. In view of the foregoing mathematical comparison of the value of the property taken with the value of the whole, and making some allowance for the reduction in size of the commercial area, we conclude that the judgment was excessive.

■ It does not appear that appellant objected to the comparative sales that were introduced by appellees' witnesses so such objections have not been preserved for this appeal. Commonwealth, Department of Highways v. Williams, Ky., 317 S.W.2d 482. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, agrees with this rule stating that "the sale price of a non-comparable other piece of property" is an irrelevant measure of value and "that it is necessary to make an objection or a motion to strike at the

trial in order to preserve grounds of error for appellate review."

The judgment is reversed.

PALMORE, C. J., concurs in the result, but differs with the reasoning.