COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Lucy K. DOOLIN, Widow et al., Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Dept. of Highways, Frankfort, Perry R. White, Jr., Lexington, for appellant.

Delbert Eagle, Eagle & Cox, Lancaster, for appellees.

DAVIS, Commissioner.

Verdict and judgment in the sum of $4,-500 were rendered for the appellee-property owners in this highway condemnation proceeding. The appellant Department of Highways as condemnor appeals asserting that: (1) The verdict is excessive and not supported by evidence of sufficient probative value to sustain it; (2) error was committed in permitting appellees to present evidence that the property had been so changed as to prevent commercial development and also damaged as a farm, and as to latter use, in permitting evidence respecting personal inconvenience to the owners; (3) error was committed in allowing evidence of value based on subdivision and commercial use since it was shown that no such use was contemplated; (4) the jury's verdict reflects that the jury ignored the instructions; (5) the error in admitting incompetent testimony was not cured by later admonition striking the evidence.

Before the taking appellees owned a farm containing 122 acres, and which had frontage of 530 feet along Lexington Street, U. S. Highway 27 North, near Lancaster. The frontage before the taking lay slightly lower than the existing highway grade; the land sloped gently downward away from the road. There was no dwelling on the farm, but it had a substantial stock barn, tobacco barns and appurtenant sheds. None of the improvements was taken.

The requisite taking consists of a strip along the frontage, varying in depth from eight to fourteen feet, averaging about twelve feet in depth. This strip embraces 0.15 acres. In addition to the strip taken the Department utilized an adjacent strip as a temporary easement; this strip contained 0.41 acres, and the parties stipulated that its rental value was $41.00.

The surface of the land as it existed before the taking lay somewhat below the surface of the existing highway, averaging some three or four feet below the edge of the existing pavement. Prior to the taking the existing highway surface was 21–22 feet wide; after the taking and new construction the width of the highway will be 48 feet. Since the land slopes away from the highway it was necessary to provide a fill adjacent to the new roadway. Inasmuch

as the elevation of the land declines as it leaves the highway, the elevation of the land abutting the new right-of-way line is farther below the center of the new highway than was the elevation of the land abutting the old road.

The only evaluation witness for the Department fixed the before value at $61,700 and the after value at $61,000—a difference of $700. This witness considered farming as the highest and best use of the property, before and after the taking. Comparable sales were related by the witness as substantiating his evaluations.

For the appellees two witnesses were offered for evaluation purposes. Appellees' witness Layton fixed the before value at $85,000 and the after value at $67,500, but the trial court ordered his evidence stricken and admonished the jury not to consider it. This was done because the witness had used an improper basis for fixing his evaluations. The other appraisal witness for appellees placed the before value at $90,000 and the after value at $70,000, for a net difference of $20,000. As noted, the jury's verdict was for $4,500; it found the before value to be $79,300 and the after value as $74,800.

The jury's verdict reflects a higher after value than any witness suggested, although the amount of the verdict was well within the range of the $20,000 difference in value expressed by witness Ledford.

 We have considered all of the factors and reasons advanced by appellees' witness and are unable to find in them any basis upon which to uphold the $4,500 verdict. Since the litigants stipulated that the temporary easement's value was $41.00, the award is $4,459 for 0.15 acres. It is not suggested that frontage has been diminished; in fact it is conceded that the new frontage is slightly greater than before in view of the widening of the side lines of the tract as they leave the road. If we consider the $4,500 as the award for the 0.15 acres, a projection of the figure results in a value of $30,000 per acre. We do not suggest that such a projection is an infallible test, but when the result of the projection is so flagrantly beyond any of the evaluations and comparables as in the present case it does afford basis for adjudging the verdict as excessive. See Commonwealth, Dept. of Highways v. Collins, Ky., 409 S.W.2d 506 (dec. Dec. 16, 1966). We are persuaded that the verdict is not supported by evidence of sufficient probative value to sustain it within the rationale of Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W. 2d 472.

 Since there may be another trial of the case we advert to the other questions presented on appeal. Complaint is made of the admission of evidence on inconsistent theories. Appellees adduced testimony relating to the inadequacy of the entrance way for heavy farm loads and evidence of the diminution of value for residential and commercial sites. Of course it is possible for a property to have dual, compatible uses, and each of them may be damaged. If the evidence reflects that one use will necessarily preclude a different kind of use, some precaution should be taken to avoid confusion in submitting the matter to the jury. It seems plain that any substantial farm usage of the tract would preclude development of it for commercial or residential purposes. The inconsistencies in evidence have contributed to our conclusion that the verdict is excessive. Cf. Commonwealth, Dept. of Highways v. Scott, Ky., 385 S.W.2d 330; Commonwealth, Dept. of Highways v. Robinette, Ky., 386 S.W.2d 719. Upon another trial it will be appropriate for the witnesses to be examined as to the possibility that one or more of the usages suggested by them will preclude all or any portion of a separate type use. The witnesses should be required to express their evaluations in relation to their opinions of the highest and best use of the property.

 If the evidence reveals adaptability for commercial or residential purposes, coupled with existing market demands in

the community, presently or reasonably expected in the immediate future, it will be appropriate to admit evidence of the market value of the property for such uses. Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302; Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922.

The other claims of error need not be discussed as the incidents complained of likely will not recur. We note, however, that the jury's verdict which reflected a higher after value than testified to by any witness lends basis for our view that the verdict should be set aside. Even though the jury's finding may have been favorable to the appellant from a mathematical standpoint, it reflects that the jury disregarded the instructions in part and reached into "thin air" for a significant part of the verdict. Cf. Commonwealth, Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417, 418, 420.

The judgment is reversed for proceedings consistent with this opinion.