**A. V. WITBECK et al., Appellants,**

**v.**

**BIG RIVERS RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.**

Court of Appeals of Kentucky.

March 3, 1967.

David C. Brodie, Owensboro, for appellants.

Ridley M. Sandidge, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellee.

MONTGOMERY, Judge.

Big Rivers Rural Electric Cooperative Corporation, pursuant to KRS 416.230 et seq., sought to condemn the right of way for an easement for the construction of a 69,000 volt transmission line across the southern edge of the farm of A. V. Witbeck and his wife. The Witbecks have appealed from a judgment on a verdict for $2,400. Appellants claim that the court erred in various rulings concerning the admissibility of evidence; that there was a variation in the description of the property condemned; that the appellee should be liable for exemplary damages; and that the verdict was outside the range of the testimony.

Appellants were the owners of a 365-acre farm. The easement sought was 100 feet in width and extended 2,053 or 2,058 feet over the extreme south end, or rear, of the farm. The center line of the easement varied from 206 to 232 feet from the south boundary line of the farm. Four single poles with three live lines and one dead line were to be placed on the easement. The right of way embraced 4.7 acres. The west third of the easement crossed an area which included about 1¼ acres of timber. The remainder of the easement was over cleared land.

Appellants sought to introduce testimony to show that the fear of danger from a 69,000 volt line lessened the value of their property. In Gulledge v. Texas Gas Transmission Corporation, Ky., 256 S.W.2d 349, it was held that for such purpose the following should be established in sequence: (1) The basis in reason and experience for fear; (2) a satisfactory showing that the fear entered into the calculations of a substantial number of persons who deal in the buying or selling of similar property; and (3) the depression of market value by reason of the existence of such fear.

■ There is no merit in this contention because the testimony sought to be introduced did not conform to the requirements of the Gulledge case; no ruling was obtained by the court on part of the testimony, Commonwealth, Department of Highways v. Taylor County Bank, Ky., 394 S.W.2d 581; and answers to all factual questions asked on the point were read to the jury from a pretrial deposition of the same witness. Appellants obtained a favorable response concerning the dangerousness of a 69,000 volt line; hence, they were not prejudiced. They made no effort to establish step three required by the Gulledge case.

■ It is also contended that they should have been permitted to prove the market value of a so-called "five acre grove, a part of the Witbeck farm." No avowal was taken to show the answer to the question. The claimed error is not available on appeal. Pearce v. Rawlings, Ky., 373 S.W.2d 426. In any event it was indirectly an effort to prove a price tag. Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. In Commonwealth, Department of Highways v. Gardner, Ky., 388 S.W.2d 360, the point was decided thus:

"Neither the minerals or timber should be valued separately. Com., Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249; Gulf Interstate Gas Co. v. Garvin, Ky., 368 S.W.2d 309."

The cases cited are inapplicable.

■ Appellants' objection to a question asked on direct examination by counsel for appellee was sustained. The gist of the question was whether the construction of a power line made any difference in the before and after market values of a farm. Appellants' counsel then examined the witness on cross-examination on the same point. He then moved to exclude the answers but obtained no ruling by the court. He now complains that "Mere offers as to comparable property are not admissible." The proffered testimony was not to show a comparable sale but to show that construction of a power line was not a damaging factor. For this reason, and because he waived any objection by failure to insist on a ruling, there is no merit in such contention.

■ Appellants complain that Witbeck was prevented from testifying concerning the suitability of the five-acre portion of the farm, part of which was taken, for use as a "black walnut grove." Four other witnesses for the landowners were permitted to testify to the suitability of the five acres for a black walnut grove. The testimony of Witbeck would have been cumulative. There was no prejudicial error in the denial of its admission. Cody v. Nortof, Ky., 267 S.W.2d 403.

■ Complaint is made that appellants were not permitted to show evidence of productivity of the walnut grove. Appellants offered to show that the grove would produce in perpetuity four trees per year worth $125 each. There was no evidence to show any reasonable probability that timber would be marketed from the land within the immediate future. There was no error in the rejection of the testimony. Robinette v. Commonwealth, Department of Highways, Ky., 380 S.W.2d 78, and cases cited therein. Commonwealth, Department of Highways v. Eubank, Ky., 369 S.W.2d 15, cited by appellants, supports this view.

■ Two witnesses for the landowners were asked whether a grove of timber on the five acres would enhance or lessen the value of the land. Witness Durham, by avowal, said it would lessen the value; therefore, this answer would not have helped appellants had it been admitted. Witness Baker was permitted to state that removal of the timber would decrease the value of the farm; therefore, appellants cannot complain. His testimony was admitted.

■ Appellants complain that they were not permitted to show the qualifications of witness Lively concerning his knowledge of the price of black walnut timber growing on the ground. An examination of the lengthy harangue and avowal on this point shows that the court properly refused to permit such evidence to be admitted as being an effort to "price tag" the walnut timber. Commonwealth, Department of Highways v. Gardner, Ky., 388 S.W.2d 360.

Appellee was permitted, by amendment in circuit court, to correct the description of the easement condemned. The easement was actually occupied as originally staked, and its location on the ground was never changed. It was the same location viewed by the county court commissioners and used as the basis for their appraisal. Inaccuracies in the description were corrected to conform to the staked survey on the ground. Appellants argue that they were denied the opportunity to negotiate on the basis of the new description or to raise this issue by pleading.

■ This argument is meritless in view of appellants' refusal to accept letters or telephone calls at their home near Detroit, Michigan, and their refusal to accept or discuss offers of settlement. If appellants were wronged in regard to negotiations, the wrong was self-inflicted. In the light of Young v. Tennessee Gas and Transmission Company, Ky., 367 S.W.2d 270, there was no error in permitting the description to be corrected in circuit court. Cf. Cartee v. Commonwealth, Department of Highways, Ky., 374 S.W.2d 860.

■ It is contended by appellants that it was error to exclude evidence of destruction of growing timber outside the condemned easement. The only issue to be tried in a condemnation case is the difference in the market value immediately before and after the taking of the easement condemned. Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. Off right of way damages are ordi-

narily recoverable separately. Commonwealth, Department of Highways v. Davidson, Ky., 383 S.W.2d 346; Blair v. City of Pikeville, Ky., 384 S.W.2d 65; Commonwealth, Department of Highways v. Thacker, Ky., 384 S.W.2d 79. Actually, testimony was later permitted to include damages to trees cut without being confined to the right of way. The original ruling of the trial court excluding the evidence was not erroneous and was not prejudicial.

■ Appellee's contractor entered upon appellants' land two or three days before the refusal by appellants of the damages tendered. For this reason appellants claim that appellee trespassed and that they are thereby entitled to punitive damages. The rule is that where an entity possessing the power of eminent domain prematurely enters upon the premises of the condemnee, the exclusive remedy of the landowners is based on Kentucky Constitution, Section 242, which provides that "just compensation for property taken" shall be made. This remedy is frequently referred to as "reverse condemnation." Chesapeake & O. Ry. Co. v. Wadsworth Electric Mfg. Co., 234 Ky. 645, 29 S.W.2d 650; Kentucky & West Virginia Power Company v. Vanhoose, 295 Ky. 339, 174 S.W.2d 538; Eversole v. Morgan Coal Company, Ky., 297 S.W.2d 51; Young v. Tennessee Gas and Transmission Company, Ky., 367 S.W. 2d 270. The measure of damages is the same as in condemnation cases. Separate recovery of punitive damages is prohibited. Harlan County v. Cole, 218 Ky. 819, 292 S.W. 501; Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622; Mercer County v. Ballinger, 238 Ky. 120, 36 S.W.2d 856; Commonwealth, Department of Highways v. Gisborne, Ky., 391 S.W.2d 714. The cases relied on by appellants concern private companies without the power of eminent domain.

■ Finally, appellants complain that the after value found by the jury in its verdict is not within the range of the testimony and that for this reason the judg-

ment should be reversed. Appellants do not specifically claim that the verdict was inadequate. The before and after values found by the jury were $90,000 and $87,600, respectively, making an award of $2,400 to appellants. The before value was within the range of the testimony. The lowest after value testified to was $89,500. Obviously the jury finding was beneficial to the appellants; otherwise, the verdict would have been confined to the difference between the before value fixed at $90,000 and the lowest after value testified to of $89,500. While the verdict may have been erroneous in this respect, it is not considered reversible error under the facts of this case. Cf. Commonwealth, Department of Highways v. Cleveland, Ky., 407 S.W.2d 417; Commonwealth, Department of Highways v. Doolin, Ky., 411 S.W.2d 44. Appellee might have complained of this but did not. Upon a consideration of the record the verdict appears to be fair. Cf. East Kentucky Rural Electric Coop. Corp. v. Price, Ky., 398 S.W.2d 705, and Kentucky Utilities Company v. Bruner, Ky., 400 S.W.2d 203, and cases cited therein.

Judgment affirmed.

All concur.