COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,

v.

Ray GOSSETT et al., Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1968.

Rehearing Denied Nov. 29, 1968.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Harry W. Berry, Glasgow, for appellees.

EDWARD P. HILL, Judge.

This appeal is from a judgment of $33,000 in a right of way condemnation case pursuant to KRS 177.081, wherein a 9.39-acre tract is taken from appellees' farm which contained 154.11 acres before the taking. The land is necessary to the construction of Interstate 65.

Left landlocked is a 16.79-acre parcel. Appellees will have a 127.73-acre tract south of the new highway.

Appellant urges upon us two grounds for reversing the judgment: (1) The amount of the verdict is excessive; and (2) the verdict fixed the "after value" $2,000 more than the highest after value testified to by any witness.

The farm in question is good, well-kept land in a high state of cultivation. It was acquired in three tracts between 1950 and 1962. After the farm was purchased, appellees made considerable improvements to it. They include: a five-room house with running water; a well dug costing $900; a pond costing $1,100; a field barn and silo at a cost of $7,000; a milk parlor and repairs $4,000; $500 for other repairs; and $6,000 for dozing and clearing the land.

Appellees were awarded $24,200 in county court.

On the trial in circuit court, appellant's two witnesses placed the before value of the farm at $73,000 and $73,800 and the after value at $55,000 and $56,000.

Appellees' witnesses agreed with appellant's witnesses on the after value, but they fixed the before value at a high of $95,000 to a low of $92,000.

Sometime after the taking, appellees sold all the remaining part of their farm, except the landlocked tract, for $55,000.

We conclude from the facts and from the evidence that this is not a case where we can say at first blush that the amount of the verdict is excessive, or that the verdict shows on its face it was rendered through bias, prejudice, or other undue influence. Cf. Commonwealth, Department of Highways v. Dennis, Ky., 408 S.W.2d 444; Commonwealth, Department of Highways v. Boone, Ky., 412 S.W.2d 236; and Commonwealth, Department of Highways v. Roberts, Ky., 412 S.W.2d 883.

Appellant's second ground for reversal is found without merit under the rule announced in Witbeck v. Big Rivers Rural Electric Cooperative Corporation, Ky., 412 S.W.2d 265.

The judgment is affirmed.

All concur.