**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Paul NELSON et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Rehearing Denied June 27, 1969.

is known as the Leitchfield Road (Kentucky 54). Incident to the construction of a limited-access highway known as the Owensboro Beltline, it was necessary to relocate the Leitchfield Road where it formerly fronted appellees' property. The present taking is to accommodate that relocation and to provide an access road to serve appellees' property. The taking includes 0.73 acres for right-of-way plus two permanent easements containing 1860 square feet and two temporary easements containing 1800 square feet.

The Department presented two evaluation witnesses who expressed opinions of before value ranging from $55,000 to $63,775 and after value ranging from $40,000 to $45,775, reflecting differences of $15,000 to $18,000. In contrast, the appellees presented witnesses whose estimates of before value ranged from $84,240 to $98,000 and whose after value was stated from $32,500 to $49,000. The range of difference between before and after values as testified by appellees' witnesses was from $39,696.25 to $57,500. The verdict fixed the before value at $80,000 and the after value at $40,000, resulting in the difference of $40,000.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, M. T. Quinton, Jr., Madisonville, for appellant.

John W. Beard, Charles J. Kamuf, Beard, Rummage & Kamuf, Owensboro, for appellees.

DAVIS, Commissioner.

The Department of Highways appeals from a judgment awarding $40,000 to the appellees in a condemnation proceeding. It is urged that the verdict is palpably excessive and unsupported by evidence of probative value and that the court should have stricken certain testimony offered by appellees because of the witnesses' unfamiliarity with the effect of the taking.

Before the taking, the property in question was being used as a trailer park. It consisted of a lot approximately rectangular in shape, having 230 feet of frontage along then-existing Kentucky Highway 54, extending back with side boundaries of 932 feet on the east line and 960 feet on the west line and having a back boundary of 400 feet. The entire tract contained about 6½ acres. The property is located about 1.8 miles southeast of Owensboro on what

The Department calls attention to the fact that about 11.9% of the 6.5 acres is taken. It notes that the jury's finding of $40,000 for 11.9% of the tract would indicate an overall value for the 6.5 acres of some $336,000. The Department recognizes as this court did in Commonwealth, Department of Highways v. Doolin, Ky., 411 S.W.2d 44, that such a projection is not an infallible test, " * * * but when the result of the projection is so flagrantly beyond any of the evaluations and comparables as in the present case it does afford basis for adjudging the verdict as excessive." Id. 411 S.W.2d 46.

The witnesses for the appellees were unable to present evidence of comparable sales to support their opinions. Some of

the witnesses for appellees did not demonstrate familiarity with the actual effect of the taking in that they seemed to believe that no access to the highway was being afforded. Although the figures contained in the testimony presened by appellees would sustain the verdict, their evidence, when viewed in light of its lack of rational support, lacks the probative value required to support such a liberal award.

It was shown that about 14 trailer "pads" are included in the land taken, as well as a small concrete block garage building. Even considering these improvements, along with the 0.73 acres taken, the size of the verdict is such as to appear to have been given under the influence of passion and prejudice or in disregard of the evidence. The verdict is of such an amount as to strike the court at first blush as being palpably excessive. In such a case, we can but set the verdict aside. Commonwealth, Department of Highways v. Cammack, Ky., 408 S.W.2d 615; Commonwealth, Department of Highways v. Thompson, Ky., 424 S.W.2d 382.

As respects the Department's contention that the court should have stricken the testimony of two evaluation witnesses offered by appellees, it is our view that the witnesses evinced sufficient familiarity with the property and the effect of the taking to permit them to testify. However, their unfamiliarity with some of the details respecting the nature of the access to be afforded the remaining property does much to adversely affect the probative value of their evidence. Cf. Commonwealth, Department of Highways v. Dale, Ky., 421 S.W.2d 864.

The judgment is reversed with directions to grant appellants a new trial.

MONTGOMERY, C. J., and EDWARD P. HILL, MILLIKEN, OSBORNE, and WILLIAMS, JJ., concur.