**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Harold G. KEITH et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1969.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Kenneth Baker, Jackson, for appellant.

Marcus Mann, Earl R. Cooper, Salyersville, for appellees.

PALMORE, Judge.

The Department of Highways appeals from a judgment awarding Harold and Herschel Keith $8,600 for a strip of land taken from their farm in Magoffin County for the construction of an extension of Mountain Parkway.

The fee simple taking embraced corporeal title to .85 acres and an easement on .03 acres, totaling .88 acres. Two appraisers for the highway department assessed the damage at $885 and $800, respectively. The amount of damage estimated by witnesses for the landowners ranged from $9,500 to $15,000. The verdict of the jury was as follows:

| | |
|---|---|
| Before value | $ 35,000 |
| After value | 26,400 |
| Difference | $ 8,600 |

The highest after-value given by any witness was $25,000, which was $1,400 less than that found by the jury, and for this reason the department sought, but was denied, a new trial on the ground that the verdict did not conform to the evidence. Cf. Com., Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417 (1966); and Com., Dept. of Highways v. Doolin, Ky., 411 S.W. 2d 44 (1967). The owners contend the irregularity is inconsequential, and in some instances that may be so. See, for example, Com., Dept. of Highways v. Gossett, Ky., 433 S.W.2d 344 (1968). Since, however, we regard the verdict as excessive at first blush it is unnecessary to decide the question.

The portion of the farm affected by the taking consisted of about 70 acres fronting on the south side of Kentucky Highway 114 and extending southward to and across Burning Fork Creek and into the hills beyond. Some 30 acres of it were bottom land, 20 acres between Highway 114 and the creek and 10 acres south of the creek. Prior to the taking all the property was used for farming purposes, though it is conceded that the portion immediately fronting Highway 114 was saleable for commercial or residential purposes. It is located 2½ miles east of Salyersville, county seat of Magoffin County.

The new road runs in the same general course as Highway 114. Its north right-of-way line intersects the west boundary of the Keith farm at a point about 200 feet, and the east boundary about 150 feet, south of Highway 114 (the frontage along Highway 114 is 160 feet according to the department and 200 feet according to the owners). To the extent, therefore, that the property fronting on Highway 114 still has a depth varying from 150 feet to 200 feet it is not affected by the taking. Highway 114 remains open, and there is free access along both sides of the new road except for the fact that it is located on a fill averaging six feet in height, beginning at 10 feet on the west and decreasing into a slight cut on the east. The remainder tract has frontage along both sides of the new road where none existed before, though most of it may be of no advantage because it lies too far below the fill. So, too, those portions of the farm which now lie in close proximity to the fill would not be desirable for building purposes if the property were subdivided. The same two farm roads leading from Highway 114 to the rear portion of the farm that were in existence prior to the taking cross the new road and are as usable as before. No improvements were taken or affected.

It would serve no useful purpose to detail the evidence further. The testimony by which it was sought to prove that the remainder property has been greatly re- duced in value is not sufficiently believable to disturb our initial reaction that an award reflecting a valuation of nearly $10,000 per acre for this type of property is grossly excessive.

The judgment is reversed with directions for a new trial.

All concur.