**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Thomas W. CRAWFORD et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Don Duff, Dept. of Highways, Frankfort, Tyler C. Bourne, James D. Robinson, Paducah, for appellant.

Malcolm R. Boaz, Boaz & Boaz, Mayfield, Ray B. Buckberry, Jr., Bell, Orr & Reynolds, Bowling Green, for appellees.

DAVIS, Commissioner.

In this condemnation proceeding the jury returned a verdict for the appellees for $4,275, based upon its finding that the before value of the property was $35,550 and the after value was $31,275. In seeking reversal the Department of Highways asserts that prejudicial error occurred in view of the fact that the jury's finding of $31,275 as the after value of the property was $1,275 in excess of the highest after value fixed by any witness for either side. Additionally, the Department contends that the verdict is palpably excessive on its face and not supported by evidence of probative value.

Before the taking the appellees owned a tract consisting of eight acres which had frontage of about 310 feet along existing Kentucky Highway 58. Relocation of Kentucky Highway 58 required acquisition of a strip of land across the frontage containing 0.27 acres. The strip taken was forty feet in depth at one end and thirty feet deep on the other end and was approximately fifty feet in depth in the center of the frontage. There was no improvement taken, but it was shown that prior to the taking a space of sixty-one feet existed between Highway 58 and the front of a concrete-block building on the property, whereas after the taking the space between the building and the highway line is only twenty-four feet. The landowners showed that the property had value for commercial purposes and that they had already undertaken plans to develop a substantial rest home on the property. The property was being used for rest home purposes at the time of the taking, but the somewhat elaborate plans for development of a more extensive rest home were suspended on account of the situation in which the property will be left after the taking. According to the witnesses for the

landowners, the market value of the remaining property was substantially diminished by reason of the taking, since the availability for parking areas and accessibility for traffic were appreciably disturbed. Expert witnesses testified for the landowners and expressed reduction in value in excess of the amount fixed by the jury.

In Commonwealth, Department of Highways v. Gossett, Ky., 433 S.W.2d 344, it was held that the condemnor was not prejudiced by the fact that the jury fixed the after value at a figure $2,000 in excess of the highest after value expressed by any witness. The Gossett opinion was predicated upon the authority of Witbeck v. Big Rivers Rural Electric Cooperative Corporation, Ky., 412 S.W.2d 265, wherein it was held that the property owner could not complain because the jury had fixed the after value at $87,600 when the lowest after value in evidence was $89,500. In Witbeck, the court cited Commonwealth, Department of Highways v. Cleveland, Ky., 407 S.W.2d 417, and Commonwealth, De-

partment of Highways v. Doolin, Ky., 411 S.W.2d 44, wherein the court had recognized that a jury's finding of a higher after value than testified to by any witness, even though mathematically beneficial to the appealing condemnor, may be a factor in support of the argument that the jury disregarded the instructions and evidence and reached into "thin air" for a significant part of the verdict. A review of the evidence in the case at bar leaves the court unpersuaded that that precept is applicable here.

As noted, the evidence for the landowners was sufficient to support the jury's verdict. The court is not persuaded that the verdict is palpably excessive or unsupported by evidence of probative value.

The judgment is affirmed.

MILLIKEN, C. J., and HILL, NEIKIRK, OSBORNE, PALMORE, and STEINFELD, JJ., concur.

REED, J., concurs in result only.