COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

MILBY–FARMER, INC., Appellee.

No. F–258–70.

Court of Appeals of Kentucky.

April 20, 1973.

Don Duff, General Counsel, Department of Highways, Carl T. Miller, Jr., Director of Legal Services Department of Highways, Frankfort, Phillip K. Wicker, Wendell V. Lyon, Jr., Somerset, for appellant.

F. Preston Farmer, Hamm, Taylor, Milby & Farmer, London, for appellee.

STEINFELD, Justice.

For the construction of a portion of the Daniel Boone Parkway between London and Manchester, Kentucky, the Commonwealth condemned 1.38 acres of land belonging to appellee Milby-Farmer, Inc. Before the condemnation appellee was the owner of an unimproved tract of land containing 39.66 acres located about one-half mile east of the city limits of London. The land which fronted on Slate Lick, Moren and Cemetery Roads contained 33.66 acres of rolling to steep woodland and 6.0 acres of rolling, cleared land. The tract was irregular in shape and had a 60-foot-wide, corridor-like part which extended out to Cemetery Road. This strip was all rolling and contained .5 acres of woodland and .88 acres of cleared land. The portion of land taken severed a part of this corridor, leaving .8 of an acre of cleared rolling land, with access from Cemetery Road. There is no claim that reasonable access did not exist to all of appellee's land after the taking.

About two years before the condemnation suit the entire tract was purchased for the sum of $15,000, after it had been platted for a residential subdivision. Only one lot had been sold and none of the wooded land had been cleared or landscaped and no streets had been constructed.

The proceeding started in the county court wherein the commissioners allowed appellee $1,250. The owners appealed to the circuit court and, after a jury trial, judgment was entered awarding $5,000 to the owners. It is from that judgment that the Commonwealth appeals. We reverse.

Valuation witnesses gave opinions as to value as follows:

| Witness | Before | After | Difference |
|---|---|---|---|
| FOR THE COMMONWEALTH | | | |
| Knight | $ 15,000 | $ 13,500 | $ 1,500 |
| FOR THE OWNERS | | | |
| Humfleet | $ 29,000 | $ 20,000 | $ 9,000 |
| Evans | 30,000 | 20,000 | 10,000 |

The jury initially returned a verdict as follows:

| | |
|---|---|
| Before Value | $ 25,000 |
| After Value | 20,500 |
| Difference | 4,500 |

The attorney for the Commonwealth observed that the after value found by the jury exceeded by $500 the highest after value expressed by any witness, whereupon, he moved for a mistrial on the ground that the verdict was outside the range of the evidence. The court overruled that motion but directed the jury to return to the jury room for further deliberations, after he admonished the jury that its findings must be within the range of evidence.

A second verdict was returned by the jury as follows:

| | |
|---|---|
| Before Value | $ 29,000 |
| After Value | 24,000 |
| Difference | 5,000. |

Again it was seen that the after value found by the jury was $4,000 in excess of the after value expressed by any witness

The Commonwealth moved for a mistrial on the basis that the verdict was outside the range of evidence. Counsel for the owners objected to the motion and moved that the court accept the second verdict because the departure from the range of evidence was favorable to the Commonwealth, that it was not prejudiced, and that the owners were not complaining. Commonwealth's counsel then objected to the motion to accept the second verdict and requested that the before value in the first verdict be declared the proper one. The court accepted the second verdict, noting that the departure from the range of evidence redounded to the benefit of the Commonwealth. Commonwealth, Department of Highways v. Crawford, 473 S.W. 2d 153 (1971). The Commonwealth moved for a new trial renewing its complaint that the verdict was contrary to the evidence. This motion was denied.

On this appeal the Commonwealth argues that when the jury returned a verdict which was not in accordance with the evidence, the court committed reversible error in sending the jury back to make a new verdict and then compounded that error by failing to limit the jury's action to that part of the verdict which was erroneous.

■ In its first reported verdict the jury failed to follow the instructions, and in the second reported verdict the jury not only failed to follow the instructions but also disregarded the admonition of the court. A motion to correct the verdict was not made, but counsel for the Commonwealth clearly pointed out that the verdict did not conform to the evidence or follow the instructions and he moved for a mistrial. This was sufficient to alert the court and preserve any error for appellate review. Cf. Commonwealth, Department of Highways v. Martin, Ky., 465 S.W.2d 302 (1971). The vice of the verdict was a matter of substance which affected the merits of the case and was not a mere irregularity or defect in form. Cf. George v. Standard Slag Company, Ky., 431 S.W.

2d 711 (1968). Although the act of the jury in fixing the after value in excess of the range of evidence was favorable to the Commonwealth, the jury disregarded the instructions and fixed a "thin air" verdict which should not have been accepted. Commonwealth, Department of Highways v. Doolin, Ky., 411 S.W.2d 44 (1967). In Commonwealth, Department of Highways v. Farra, Ky., 338 S.W.2d 696 (1960), we wrote:

"As the vice in the verdict is of the substance and affects the merits of the case, it cannot be regarded as an irregularity or defect in form. Davis v. Slone, 172 Ky. 696, 189 S.W. 937; Anderson's Ex'x v. Hockensmith, Ky., 322 S.W.2d 489. It is true that on its face the omission from the verdict was favorable to the Commonwealth; but without an award for the land taken, there could be no reasonable or legal assessment for consequential damages or for personal property on the land. The incongruous verdict was inconsistent and did not conform to the instructions."

Therein, we said that it is " * * * the duty of the jury to be governed by the instructions, whether right or wrong, and if it does not, the verdict will be set aside as contrary to law."

■ A witness for the Commonwealth had testified that the taking would affect only two platted lots. In rebuttal, one of the land owners offered testimony that he had negotiated with an identified representative of the Department of Highways before the condemnation action was started. He was asked whether that representative disclosed what land was proposed to be taken and how many platted lots would be taken in whole or in part. The Commonwealth objected to this line of interrogation, which objection was overruled, whereupon the witness testified that a portion of seven lots would be taken or disturbed. In Commonwealth, Department of Highways v. Carson, Ky., 398 S.W.2d 706 (1966); Whitney v. Penick, 281 Ky. 474,

136 S.W.2d 570 (1940), and Harlan Fuel Co. v. Wiggington, 203 Ky. 546, 262 S.W. 957 (1924), we held that testimony regarding certain phases of negotiations were inadmissible. The facts in those cases were quite different from the facts now before us. The testimony here was only to contradict the evidence of another Highway representative and was primarily related to the effect of the taking on the remainder. It was unrelated to any efforts to settle and thereby avoid condemnation. We hold that the court did not err in admitting this testimony, and on the second trial, should it be offered, it would be admissible.

It is unnecessary for us to consider the final contention that the award was excessive, and that issue is reserved.

The judgment is reversed for a new trial consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

PALMORE, C. J., and MILLIKEN, OSBORNE, STEINFELD and STEPHENSON, JJ., concur.