COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Joseph STEPHENS ESTATE et al., Appellees.

Court of Appeals of Kentucky.

June 1, 1973.

Rehearing Denied Sept. 7, 1973.

Carl T. Miller, Jr., Dept. of Highways, Frankfort, Rhodes Bratcher, Bratcher, Cooper & Flaherty, Owensboro, Perry M. Lewis, Madisonville, for appellant.

William E. Rummage, Beard, Rummage & Kamuf, Owensboro, William L. Wilson, Wilson & Wilson, Owensboro, for appellees.

CULLEN, Commissioner.

In this highway condemnation case the Department of Highways appeals from a judgment which awarded the property owners damages of $35,000. In reaching that award the jury fixed the "before" value of the land at $62,500 and the "after" value at $27,500. The highest "after" value attested to by any witness was $26,713, so the jury's "after" value was about $800 higher than the highest value authorized by the evidence. The Department of Highways made no objection at the time the verdict was returned, but in its motion for a new trial (which was overruled) the department asserted the ground that "the verdict is not sustained by evidence of a sufficient and probative nature." We have held that this particular kind of error in a verdict in a condemnation case can be raised by the motion for a new trial. Commonwealth, Department of Highways v. Martin, Ky., 465 S.W.2d 302. While perhaps the error is more accurately to be classified as a failure of the jury to follow the instructions, or a failure of the verdict to conform to the proof, we think the ground as stated in the motion in the instant case was sufficient to raise the error.

The appellant department maintains that the error in the verdict is a ground for reversing the judgment. In examining prior decisions of this court in which the same contention was raised, we find that the rulings have not been consistent, so a reconciliation seems to be in order.

Our most recent previous case on the subject is Commonwealth, Department of Highways v. Milby-Farmer, Inc., Ky., 494

S.W.2d 88, decided one month ago on April 20, 1973. There the verdict first returned by the jury fixed the "after" value $500 higher than the highest estimate by any witness. Upon motion by the Department of Highways, the jury was sent back to the jury room with directions that its findings must be within the range of the evidence. By reason either of confusion or pure obstinacy, the jury this time fixed the "after" value $4,000 in excess of that estimated by any witness. The trial court, over objections by the Department of Highways, accepted the second verdict. This court reversed, and in so doing followed the rationale of Commonwealth, Department of Highways v. Doolin, Ky., 411 S.W.2d 44 (1967), noting comparable reasoning in George v. Standard Slag Company, Ky., 431 S.W.2d 711 (where some of multiple verdict for damages from air pollution were less than the evidence warranted and thus were to the benefit of the appealing defendant), and in Commonwealth, Department of Highways v. Farra, Ky., 338 S.W.2d 696 (where the jury in a pre-Sherrod condemnation case awarded damages to the remainder but no damages for the land taken).

Attention was not called, however, in *Milby-Farmer* to Witbeck v. Big Rivers Rural Electric Cooperative Corporation, Ky., 412 S.W.2d 265 (1967) (decided three months after *Doolin*); Commonwealth Department of Highways v. Gossett, Ky., 433 S.W.2d 344 (1968); and Commonwealth, Department of Highways v. Crawford, Ky., 473 S.W.2d 153 (1971). In each of those cases an error in the verdict in that the "after" value did not conform to the proof was held not to be a ground for reversal on an appeal by the party who was mathematically favored by the error.

In *Witbeck* a "Cf." citation was made to *Doolin*, but the apparent conflict in holdings was not recognized. *Gossett* cited and followed *Witbeck*, and made no mention of *Doolin*. In *Crawford*, reference was made to *Gossett, Witbeck* and *Doolin*, and an effort was made at reconciliation by treating

*Doolin* as standing only for the proposition that an error of the kind here in question "may be a factor in support of the argument that the jury disregarded the instructions and reached into 'thin air' for a significant part of the verdict," thus suggesting that the error standing alone would not be a ground for reversal.

Prior to *Crawford,* in 1969, in Commonwealth, Department of Highways v. Keith, Ky., 438 S.W.2d 780, the court again had been presented with an appeal involving an error in the verdict of the kind here in issue. The court reversed the judgment on another ground and found it unnecessary to decide whether the discrepancy in the verdict constituted reversible error. Reference was made, however, to both *Doolin* and *Gossett,* and the latter case was cited as authority for the statement that in some instances the irregularity may be inconsequential.

Upon full reconsideration, we have decided that the rule should be that the fixing by the jury of an "after" value that is not within the range of the evidence will be considered reversible error (if properly raised by a motion for a new trial), even though the error may redound mathematically to the appellant's advantage, unless the discrepancy is so small as to fall within the maxim *de minimus non curat lex.* Such a verdict, evidencing that the jury did not follow the instructions in one respect, places the whole verdict in doubt. *Doolin* and *Milby-Farmer* conform to that rule. To some extent, *Witbeck, Gossett* and *Crawford* do not conform to that rule and to that extent they are overruled.

We cannot say that the discrepancy in the verdict in the instant case, amounting to about $800, is so small as to come under the *de minimus* maxim. Therefore, a reversal of the judgment is required.

The Department of Highways has asserted as a further ground of error that the verdict is not supported by the evi-

dence. We shall consider this ground because it may arise again on another trial.

The valuation witnesses for the landowners testified that the highest and best use of the land, before the taking, was for subdivision purposes, and their estimates of "before" value, which were accepted by the jury, were based on that use. The department argues that the evidence did not show that there was a probability of such use in the near future, as is required by the rule stated in Paintsville-Prestonsburg Airport Board v. Galbraith, Ky., 433 S.W.2d 868. It is a sufficient answer to say that we think the evidence does show such probability.

The judgment is reversed for further proceedings in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur except STEPHENSON, J., who dissents on the ground that the error in the verdict should have been raised when the verdict was returned, and except OSBORNE, J., who dissents on the ground stated in a separate dissenting opinion.

OSBORNE, Justice (dissenting).

We are again presented with the question which this court attempted to answer in Stucker v. Bibble, Ky., 442 S.W.2d 578. When is a verdict defective so as to require the parties to move the court to recommit the jury? or stated conversely; when can the question of a defective verdict be raised for the first time in a motion and grounds for a new trial? I dissented in Bibble because I believe the rule there set out was not realistic. I dissented again in Commonwealth, Department of Highways v. Martin, Ky., 465 S.W.2d 302 for the same reason. I dissent again today for the same reason. I have no doubts but what the opportunity will again soon be presented.

We should either take the position that where a verdict does not conform with the evidence and instructions of the court it is defective and a motion should then and there be made to commit the jury or we should say that questions concerning a defective verdict can first be raised in a motion and grounds for a new trial. This business of saying some can and some can't is unworkable.