**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Ralph H. HORNE and M. Edith Horne, Wife, Stevens Lumber Company, Inc., Appellees.**

Court of Appeals of Kentucky.

March 31, 1967.

Rehearing Denied Sept. 29, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, James E. Adkins, Catlettsburg, Lewis D. Jones, Flemingsburg, for appellant.

C. B. Creech, Ashland, for appellees.

OSBORNE, Judge.

In this action, the Commonwealth of Kentucky, Department of Highways, seeks to condemn approximately 2¾ acres of land upon which are located two frame dwelling houses; one 36′ x 24′, the other 28′ x 14′ and a small shack or workshop constructed out of used corrugated tin, 24′ x 16′. The property is subject to pondage easement to the federal government, under which approximately ½ of it is flooded on the average of twice a year. The property is hilly, the houses are located on the high ground, and therefore, not affected by the flooding.

The action was tried before a jury on October 28, 1963; it fixed the value of the property immediately before the taking at $14,750; the value after the taking at $1000 and awarded the landowner $13,750. It is from a judgment upon this verdict that the Department of Highways appeals. It alleges that the verdict is not sustained by the

evidence and is so palpably excessive as to strike the mind, at first blush, that it was given under the influence of passion and prejudice and without regard to the evidence and instructions of the court. The Department also charges that the court erred in admitting evaluation testimony of the owner, Ralph H. Horne, and Robert Smith, who was introduced as an expert witness by Horne.

First we take up the question of the testimony of the owner, Ralph H. Horne. In an attempt to qualify him to testify, he was asked if he had had an occasion to observe the sale of property in the area before the institution of the proceedings. His answer was, "I don't know, but property is high in that vicinity. I tried to purchase a piece of property from my neighbor." The question was restated to him again and he again, in evading a direct answer, said, "Well, my sister, she bought a house." Then the question was put more directly, "Do you feel you are reasonably acquainted with the value of property as of October 28, 1963, in this neighborhood?" And, the witness answered, "I am not a real estate man." Then, a fourth attempt was made to qualify the witness. This time, he was asked, "do you have some knowledge of what property buys and sells for in this area?" This time he responded, "yes, I think so."

In the case of Commonwealth of Kentucky, Department of Highways v. Fister, Ky., 373 S.W.2d 720, we had occasion to review our previous decisions and to pass specifically upon the qualifications of an owner of real estate to testify as to its value. We stated the rule as follows:

"It is true an owner may properly be presumed familiar with the character and extent of his property, but this is only one of two necessary elements in the appraisal of its value. The other element is some knowledge of property values. While the owner may have a general concept of the worth of his property based upon what he paid for it (and evidence of this price ordinarily is competent—18 Am.Jur., Eminent Domain, section 351; 55 A.L.R.2d 791), it does not sufficiently qualify him to express an objective opinion of its current *market value.* * * * We see no reason why an owner, before expressing his opinion concerning the market value of his real estate, should not have the initial minimum qualifications required of his neighbors. It follows that the qualifications of the owner witness, as other witnesses, must be affirmatively shown *before* his opinion of market values is expressed. 32 C.J.S. Evidence § 458a., page 98."

We believe it is obvious under the foregoing rule that the owner in the present case did not establish sufficient qualifications to make his opinions as to the market value of his property competent and upon a retrial of this case his testimony should not be admitted unless he establishes substantially better qualifications in advance of expressing his opinion as to value.

The Department of Highways seriously contends that the value fixed by the jury in this action is so excessive as to strike the mind at first blush as having been given under the influence of passion and prejudice. We agree. A plat of the property and photographs of the buildings involved, which are included in the record, indicate most conclusively the verdict is excessive. The main dwelling house is of light, frame construction with a composition or tarpaper covering. It is 36' x 24' and set on a concrete block foundation. The back portion of the house, which presumably contains the kitchen, is of shed-type construction. The roofing is light shiplap decking covered with a roll-type roof. It is common knowledge that this type of construction, even in this time of high prices, is relatively inexpensive.

The second building is more of a shed-type affair, 28' x 14' with a corrugated tin roof and covered with composition siding, which is in many places peeling off and rolling down. The window facings and

door facings appear to be in poor condition. The 2¾ acres of land which was taken was rather remotely located on rough terrain without substantial value for building or agricultural purposes. We are of the opinion that the fair value of the property is much below that fixed by the verdict. For this reason the verdict strikes our minds at first blush as being excessive. Since the testimony as heretofore pointed out was incompetent for any purpose and as the verdict is excessive, the judgment must be reversed for a new trial. See Commonwealth of Kentucky, Department of Highways v. Brumfield, Ky., 418 S.W.2d 231 rendered December 16, 1966.

The judgment is reversed.

All concur.