**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Scott MULLINS et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

Rehearing Denied June 21, 1974.

James D. Robinson, Gen. Counsel, Dept. of Highways, Frankfort, Phillip K. Wicker, Harris & Wicker, Somerset, for appellant.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellees.

OSBORNE, Justice.

This is a highway condemnation action originally tried in the Pike Circuit Court. It involves an irregular-shaped parcel of land containing ten acres, situated on either side of U. S. Highway 23, 4½ miles north of the City of Pikeville. Approximately one-half of the land was taken. As far as the land itself is concerned that one-half remaining to the landowners appears to be about equal in value to that taken. The improvements upon the land taken are as follows:

1.  A one-story tenant house located near the north property line consisting of four rooms and a bath, measuring approximately 876 square feet, of frame construction.

2. A one-and one-half story frame residence situated north of the tenant house consisting of seven rooms and one bath and containing 1,092 square feet.

3. A one-story frame store building sitting partially on the right-of-way on old highway 23 containing 1,144 square feet, situated on a wood-pier foundation with pine flooring. This building along with the two residential buildings are approximately 30 years old.

4. A concrete-block garage situated behind the tenant house containing 260 square feet.

5. A 9 x 10 shed constructed of rough sawed lumber containing 90 square feet.

6. A concrete-block utility building containing 160 square feet.

7. One dug well and one drilled well.

8. Two septic tanks.

The portion taken by the Highway Department was appraised by the commissioners of Pike County Court at $53,650.00. Upon trial of the case both parties introduced expert witnesses who fixed the value as follows:

FOR APPELLANT:

| WITNESS | BEFORE | AFTER | DIFFERENCE |
| --- | --- | --- | --- |
| Stephens | $47,000 | $4,900 | $42,100 |
| Asbury | 45,500 | 4,000 | 41,500 |

FOR APPELLEE:

| | | | |
| --- | --- | --- | --- |
| Mullins | 120,000 | 15,000 | 105,000 |
| Tackett | 110,000 | 17,500 | 92,500 |
| Stratton | 114,000 | 16,500 | 97,500 |

The verdict fixed the before value at $102,500.00 and the after value at $15,000.00 leaving a difference of $87,500.00.

It is strongly contended by the Commonwealth on this appeal that this amount is so excessive as to indicate the verdict was the result of passion and prejudice on the part of the jury and therefore should be reversed.

We have examined the record with considerable care because of the strong insistence by the Commonwealth that the verdict is so excessive that it should be set aside. We have examined with particularity the evidence relative to the value of the land itself and to the improvements thereon.

The Commonwealth's first witness, Stephens, testified that the after value of the land was $4,900.00. Attorney for appellee in the cross-examination of this witness attempted to introduce into evidence the fact that the property was sold after the condemnation proceeding for $15,000. This evidence was placed in the record by way of avowal and in his brief before this court the attorney insists the sale price of the remainder of the property should carry the most probative value. For this reason and for the purpose of analyzing and evaluating the value of the property taken we are willing to use the value insisted upon by the appellee.

During the course of the trial a controversy arose as to the cost of construction of buildings such as those located upon this property. It was insisted by the attorney for appellee that the cost of construction of frame buildings was $15.00 per square foot. We are going to accept his figure for the purpose of this opinion without expression as to its validity. By doing this we find that building No. 1 carries a replacement cost of $13,140; building No. 2 $16,380; building No. 3 $17,160; building No. 4 $3,900; building No. 5 (from the photographs in this case it could hardly have any value at all but in order to save controversy we will give it the value of) $100; building No. 6 $2,400. We will likewise give a value to the wells of $1,000 and to the septic tanks of $1,000. By totalling the foregoing figures it appears that, using appellee's own figures, the before value of the whole property, buildings, land and improvements, was $68,080.

The hard evidence of value as detailed above so weakens the testimony of the experts introduced by appellee as to leave very little, if any, credibility. We pointed out in Commonwealth, Department of Highways v. Nelson, Ky., 441 S.W.2d 403 (1968), that where the value fixed by expert testimony greatly exceeds the value shown by nonopinion evidence, that testimony's lack of rational support will deny it the probative value required to support an award. It has long been the rule that to the extent that the valuation given by the expert witnesses is palpably extravagant and inconsistent with known comparable sales it is without probative value. See Commonwealth, Department of Highways v. Tabor, Ky., 402 S.W.2d 434 (1966). We have also approved the examination by this court of photographs in order to determine the nature of the property taken and the approximate value range within which it falls. See Commonwealth, Department of Highways v. Horne, Ky., 418 S.W.2d 223 (1967) and Commonwealth, Department of Highways v. Littleton, Ky., 453 S.W.2d 532 (1969).

When we take the value of the land insisted upon by the appellee and add the reconstruction cost of all the improvements thereby substituting new buildings for buildings thirty years old and are still unable to reach a figure equal to what the jury awarded, we must conclude that the hard evidence of value so belies the opinion evidence of other witnesses as to deprive it of its probative value. For the reasons stated we are of the opinion the judgment should be reversed.

Judgment reversed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED and STEINFELD, JJ., sitting.

JONES, MILLIKEN, OSBORNE, REED and STEINFELD, JJ., concurring.