RENDERED:  FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0458-MR


CHARLES E. BAKER AND
MARGARET A. BAKER                                                    APPELLANTS



                    APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
                       ACTION NO. 14-CI-01695



COMMONWEALTH OF KENTUCKY,
TRANSPORTATION CABINET,
DEPARTMENT OF HIGHWAYS                                                 APPELLEE



                                OPINION
                               AFFIRMING

                            ** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND MCNEILL, JUDGES.

LAMBERT, JUDGE:  Charles E. Baker and Margaret A. Baker (the Bakers)

appeal from the Boone Circuit Court's judgment and post-judgment orders

pertaining to the eminent domain action filed against them for the taking of a

certain portion of the Bakers' property, as well as a temporary easement, by the

Kentucky Transportation Cabinet, Department of Highways (the Department), for the Mt. Zion Road project in Florence, Kentucky. We affirm.

The Department's petition was filed in November 2014, and the following month three commissioners were appointed to determine the property's fair market value. Kentucky Revised Statute (KRS) 416.580. The commissioners filed their report on December 29, 2014; they determined the property to be worth $10,000.00. In January 2015, the Bakers filed their answer to the petition, acknowledging the right of eminent domain but taking issue with the value as assessed by the commissioners. In February of that year, the circuit court entered an interlocutory order granting possession of the condemned property to the Department. Both parties filed exceptions to the order. The Department argued that the award was excessive, suggesting that $8,500.00 would be more appropriate, while the Bakers urged that $10,000.00 was insufficient.

In the ensuing years the matter survived two show cause orders asking the parties to demonstrate why the matter should not be stricken from the active docket.[1] In late 2018, the circuit court entered an order setting a jury trial in August 2019; that order established other deadlines concerning discovery and disclosure of witnesses. In June 2019, the Department moved to strike and to

---

[1] Additionally, Guardian Savings Bank, the Bakers' mortgage holder, and named as a respondent/lienholder in the Department's petition, was dismissed as a party by order dated August 22, 2017, for its failure to file an answer.

make the 2015 interlocutory order final.  The Department argued in the motion that the Bakers had failed to comply with discovery on or before the circuit court's imposed deadlines.

Following a July 2019 hearing, the circuit court again set the matter for trial, this time in March 2020.  By late February 2020, the Department renewed its motion to strike the Bakers' exceptions and enter a final order on the same grounds:  that the Bakers had failed to disclose its expert(s) for valuing the condemned property.  The Department attached its own expert's determination, which included four comparative property values.  The Bakers moved to continue, citing their attorney's health issues (he had only recently been released to return to work) as well as stating their reason for not disclosing their expert witness, namely, their inability to retain anyone willing to testify against the Department.  The Bakers alleged that they had contacted numerous realty experts, not one of whom desired to offer an expert evaluation of the property.  After a telephonic status conference, the parties agreed to a briefing schedule.  Oral arguments were held in November 2020, and the circuit court entered its final order in January 2021.  In February, the circuit court entered a further order partially granting the motion to alter or amend.  The circuit court changed its original award to the Bakers ($8,500.00) to the $10,000.00 assessed by the commissioners in 2014.  The Bakers filed timely notice of appeal.

The Bakers first argue that the circuit court erred in failing to follow the Kentucky Supreme Court orders pertaining to jury trials scheduled to be heard during the pandemic shutdown (March 2020 through May 2021). The Bakers insist that, accordingly, the jury trial should have been rescheduled after the embargo on trials was lifted; therefore, the Bakers continue, the circuit court erred by instead issuing a final order. The Department argues otherwise: the dismissal of the Bakers' claims had nothing to do with COVID-19 and everything to do with the Bakers' failure to comply with the circuit court orders and deadlines.

We agree. The Kentucky Supreme Court recently summarized the standards for consideration of a motion to dismiss, namely:

> Under [Kentucky Rules of Civil Procedure] CR 41.02(1), a defendant may move for dismissal of an action or claim for three reasons. First, a defendant may move for dismissal based on plaintiff's failure to prosecute. Second, a defendant may move for dismissal due to plaintiff's failure to comply with the Kentucky Rules of Civil Procedure. Third, a defendant may move for dismissal for plaintiff's failure to comply with any order of the court. Consideration of a motion to dismiss under CR 41.02(1) requires fact-specific determinations that are left to the sound discretion of the trial court. The trial court must base its assessment on the totality of the circumstances.

> Still, a trial court's discretion is not unfettered and is subject to an important limitation. Our courts have long recognized that CR 41.02(1) dismissal with prejudice is an "extreme remedy." As a result, we must "carefully scrutinize the trial court's exercise of

-4-

discretion" when reviewing dismissal with prejudice under CR 41.02(1).

> In considering the totality of the circumstances, trial courts may consider the factors espoused in *Ward v. Housman*[, 809 S.W.2d 717, 719 (Ky. App. 1991) (citing *Scarborough v. Eubanks*, 747 F.2d 871, 875-78 (3d Cir. 1984))]. *Ward* provides a nonexclusive list of factors for consideration when analyzing the totality of the circumstances relevant to a motion to dismiss for lack of prosecution under CR 41.02. The *Ward* factors are: "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party, and 6) alternative sanctions."

*Jones v. Pinter*, 642 S.W.3d 698, 701 (Ky. 2022) (footnotes omitted). "We review dismissals under CR 41.02 for abuse of discretion. Under this standard of review, we will reverse the trial court's dismissal only if it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id*. (citations omitted).

Here, the Bakers were required to obtain and disclose an expert to testify to the fair market value of their condemned property and temporary easement (the only issue to be determined); they had seven years to obtain such a witness, yet they failed to do so. Albeit the Bakers' attorney had some pressing health concerns immediately prior to the renewed motion against them being filed, there remains no reasonable explanation for the lack of compliance during the

remainder of the seven-year span.[2] Their allegation that the Department enjoys an "expert monopoly" was not persuasive to the circuit court, nor is it to us. We find no abuse of discretion in the circuit court's dismissal under CR 41.02. *Jones*, 642 S.W.3d at 701.

The Bakers next assert several due process violations occurred because the circuit court failed to afford them various less restrictive remedial measures (*e.g.*, mediation, limitation of evidence, continuing the evaluation until after the Mt. Zion Road project was complete) rather than dismissal. But the Bakers "presented no new evidence" which would have raised an issue of material fact; thus, we remain unconvinced that the circuit court abused its discretion in dismissing the matter. *See Commonwealth v. R.J. Corman Railroad Co./Memphis Line*, 116 S.W.3d 488, 498 (Ky. 2003). The circuit court chose the higher of the two values (the one set by the three commissioners rather than the Department's expert's valuation) submitted. It was neither required to consider the Bakers'

---

[2] The Bakers did submit a letter, in February 2020 (*i.e.*, past the filing deadline), from a realtor indicating that the Bakers' property value should have been in the $15,000.00 range; but, as the Department notes, the realtor was not a licensed appraiser, he provided no comparative local sales (or any other basis for his estimate), and he was unwilling to testify. In other words, submission of the letter did not sufficiently comply with the circuit court's order to disclose an expert witness. The Bakers' argument that evidence can be submitted through other means (*e.g.*, by cross-examination of the Department's witnesses) likewise does not suffice. It was incumbent upon the Bakers to proffer "testimony [to] establish sufficient qualifications to make [their] opinions as to the market value of [their] property" as well as "some knowledge of property values" in order to "qualify [them] to express an objective opinion of [the] current market value." *Commonwealth, Dep't of Highways v. Horne*, 418 S.W.2d 223, 224 (Ky. 1967).

unsupported assertion that their property was worth $15,000.00 nor their request to mediate or continue the matter for an indeterminate length of time (*i.e.*, until after the date of the project's completion).

The Bakers lastly assert that they were denied due process of law at the appellate level[3] when they were not permitted to withdraw the entire circuit court record, which included videotaped proceedings, from the clerk's office. CR 75.07(5) and (7); CR 98(2)(a)2.(ii).[4] The Bakers were not "precluded . . . access" to the record on appeal when they were not permitted to remove a copy of the videotaped proceedings; they were merely required to review the copies of the videotaped proceedings or be charged a "reasonable fee" for the request of a duplicate copy. This language, included in CR 98, remains virtually unchanged in RAP 98. We hold that no due process violation occurred.

The judgment of the Boone Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Carl E. Knochelmann, Jr.
Covington, Kentucky

BRIEF FOR APPELLEE:

Richard H. Deters
Covington, Kentucky

---

[3] By this Court's order dated September 21, 2021.

[4] The Kentucky Rules of Appellate Procedure (RAP) were adopted effective January 1, 2023. Therefore, this matter is now governed by RAP 26(A)(3)(b) rather than the former CR 75.07(5) and (7); CR (now RAP) 98(2)(a)2.(ii) remains unchanged.